[File No. 6530.]

GEORGE DIXON, INC., a Corporation, Respondent, v. CENTRAL MOTORS COMPANY, a Corporation, et al.

CARL V. STRAUS, Appellant.

(278 N. W. 648.)

Opinion filed March 24, 1938.

*Roy A. Ployhar,* for appellant.

*Hanchett, Sproul & Sad,* and *Thos. J. Burke* (on argument), for respondent.

BURR, J.   The plaintiff sold to the defendant a truck on a partial cash payment and eighteen deferred monthly payments, under the terms of a "Conditional Sale Contract," which provided, among other things:

"Title to said property is reserved by seller and shall not pass to the purchaser until said amount is fully paid in cash;" that if the purchaser defaulted in his payments "the full amount, shall, at the election of the seller, be immediately due and payable, and purchaser shall be deemed in default;"

"Time is of the essence of this contract, and if the purchaser default

in complying with the terms hereof, or the seller deems the property in danger of misuse or confiscation, the seller may take immediate pos- session of said property without demand (possession after default be- ing unlawful), including any equipment or accessories thereto; and for all this purpose the seller may enter upon the premises where said prop- erty may be and remove same. The seller may resell said property, so retaken, at public or private sale, without demand for performances, with or without notice to the purchaser (if given, notice by mail to ad- dress below being sufficient), with or without having such property at the place of sale, and upon such terms and in such manner as the seller may determine; the seller may bid at any public sale. From the pro- ceeds of any such sale, the seller shall deduct all expenses for retaking, repairing and selling such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any sur- plus shall be paid over to the purchaser; in case of deficiency the pur- chaser shall pay the same with interest. *But nothing herein contained shall impair the right of seller, in case of the purchaser's default, to repossess said property, and terminate this contract and all liability of purchaser for the unpaid balance of purchase price, investing seller with title absolute;"* (Italics ours.)

that the seller "shall have the right to enforce one or more remedies hereunder, successively or concurrently. . . ."

. . In March, 1937, the plaintiff commenced an action in claim and de- livery against the defendants, alleging that the plaintiff was the owner and entitled to the immediate possession of the truck; that the defend- ant Straus was in default on this contract in the sum of $174.51, which amount had been declared to be due and payable because of said de- fault; that the truck was in the possession of the Central Motors Com- pany; alleged its value to be $400.00; that demand had been made by the plaintiff upon both defendants for delivery and possession, which demand had been refused, and demanding "judgment . . . for the immediate return and possession of the property . . . , or the sum of Four hundred ($400.00) Dollars, the value thereof, in case deliv- ery thereof cannot be had, and the sum of Fifty and no/100 ($50.00) Dollars damages for the detention thereof, besides its costs and dis- bursements in this action."

The plaintiff took the property under these proceedings. On March

30, 1937, the defendant Straus rebonded and the property was returned to him.

The answer of defendant Straus is a general denial, and by stipulation between the plaintiff and the defendants the action was placed upon the June, 1937, calendar for trial.

At the trial of the case both defendants appeared by counsel. The action was dismissed as to Central Motors Company. Plaintiff furnished its proof, introducing the contract, and showed the value of the truck to be $400.00. No evidence was tendered by the defendant Straus. At the close of the case plaintiff stated to the court: "We ask a verdict for the recovery of the truck, together with his costs, or for the value of $400.00." No objection to this was made by the defendant and a verdict was returned, as directed, "against the Defendant Carl V. Straus, for the return and possession to the plaintiff of the truck described in plaintiff's complaint, or in case a return cannot be made, then for the value of said truck hereby determined at the sum of $400.00, and the cost and expense of procuring the return of said truck in the sum of $20.00."

Counsel for Straus moved for a stay of execution for fifteen days, and the court granted the motion. Judgment was entered upon the verdict and notice of entry of judgment served upon the defendant Straus on July 3, 1937.

On July 20, 1937, a special execution in claim and delivery was issued and served upon both defendants, the truck taken under the execution and possession thereof delivered to the plaintiff. No claim of title or right of possession was made by any person. Thus, the plaintiff got possession of its truck.

On August 21, 1937, defendant Straus served notice that on September 3, 1937, he would apply to the court "for an Order setting aside and vacating a Judgment entered in the above entitled action against him as of date, the 2nd day of July, A. D., 1937, and granting him leave to defend said action on the merits and to allow the Answer heretofore submitted by him in said action by his Attorney . . . to stand as his Answer in said action, and for such other relief as may be just."

This application is made on the theory that the judgment rendered was a default judgment and is supported by his own affidavit wherein he alleged that he has "a valid and subsisting defense and property

rights in this action, which require legal protection . . . ;" that he has fully and fairly stated the case and the facts in the case to his present counsel; and that he "verily believes that he has the good and substantial defense on the merits in said action, and has been so advised by his counsel after such statement." He filed also the affidavit of his former counsel to the same effect.

In the memorandum opinion dated December 4, 1937, the court states this motion was heard on September 20, 1937, and that he denied it. No order to that effect appears in the record.

On November 17, 1937, the defendant Straus served an order to show cause, returnable November 27, "why the judgment in the above entitled action should not be in all things modified and the original judgment therein entered vacated and a new Judgment entered in accordance with the facts produced at the hearing in said action, and in accordance with the pleadings of the Plaintiff in said action . . . ." This motion is predicated on the theory set forth in the specifications of error.

The plaintiff appeared and resisted the motion on the grounds, among others, that this was not a default action. The court denied this petition, and defendant Straus appeals from the judgment "and also from a verbal Order entered in the minutes of said Court in the above-entitled action on the 20th day of September, 1937, denying the motion of this Defendant to vacate said default Judgment herein before mentioned and also from that certain Order denying Petition to vacate and modify judgment entered by said Court on the 24th day of December, 1937, and from the whole of said Judgment and said Orders; and the said Defendant, Carl V. Straus, feeling aggrieved thereby does hereby appeal from the whole of said judgment and said orders and does hereby demand a review of the entire case in the Supreme Court."

There are eleven specifications of error to the effect that the judgment entered by the court in this case should be to the effect that plaintiff was entitled to the possession of the truck; that the value of plaintiff's special interest in the truck was $174.51, together with interest and costs; should provide for and allow the defendant to pay this amount to obtain a return of the truck; that the court was in error in refusing to set aside a default judgment, and also in denying the

motions made to have a modified judgment entered in accordance with the theory of the defendant.

So far as this appeal seeks to review the merits of the two orders mentioned, it is sufficient to state that these orders are not appealable orders. Olson v. Mattison, 16 N. D. 231, 112 N. W. 994.

It is clear from the record that the judgment entered herein was not a default judgment. The defendant had answered, the case was called for trial on stipulation, the defendant was represented by counsel present at the trial with full liberty to cross-examine the witnesses presented by the plaintiff. No request was made for any postponement. No objection was made to the motion for a directed verdict, and after the verdict was rendered the defendant invoked the grace of the court in asking for a stay of execution, stating the time he required, and this request was granted.

Defendant claims the judgment entered is erroneous in not setting forth the value of plaintiff's interest in the truck.

It will be noted that this is an action in claim and delivery wherein the plaintiff seeks to recover his own property. It is not an action in the nature of the foreclosure of a lien whereby the plaintiff seeks to recover the purchase price and claims the property as security.

The record shows the plaintiff proceeded on the theory it was the owner of the truck, that on default it had the right to repossess the truck and terminate all rights of the purchaser. The complaint does not ask for judgment for any amount due on the contract—it shows the default and the amount of default merely as the grounds for its claim to the right of repossession.

Under a conditional sale, such as the one involved, "The vendor, on breach of the terms of the conditional sale contract by the vendee, may elect to recover possession of the property, or waive his title, and sue for the value or selling price, but he cannot do both." Poirier Mfg. Co. v. Kitts, 18 N. D. 556, 559, 120 N. W. 558. See also Davis v. Millings, 141 Ala. 378, 37 So. 737; Glisson v. Heggie Bros. 105 Ga. 30, 31 S. E. 118; Turk v. Carnahan, 25 Ind. App. 125, 57 N. E. 729; Smith v. Barber, 153 Ind. 322, 53 N. E. 1014. As shown in McBryan v. Universal Elevator Co. 130 Mich. 111, 89 N. W. 683, 97 Am. St. Rep. 453, where the property is retaken under such contract there is no

longer any consideration due from the purchaser. See also Stewart & H. Drug Co. v. Reed, 74 Wash. 401, 133 P. 577.

In this action the plaintiff made no attempt to sue for any portion of the price due. He sued to take back what he claimed was his own property, and this terminated the rights of the purchaser, as well as his liability.

"A conditional sale contract does not convey title, and if its terms provide therefor it entitles the vendor to retake possession of the property described therein, on default by vendee, if it has previously been delivered to him; and the rights of the vendee are terminated when this is done." Pfeiffer v. Norman, 22 N. D. 168, 133 N. W. 97, 38 L.R.A. (N.S.) 891.

When the vendor elected to terminate the contract and retake possession of the property, "the contractual relations of the parties ceased . . . that is to say, the relations under the contract in question." Pfeiffer v. Norman, supra (p. 176).

It is true there is a provision in the contract authorizing the seller to take possession, sell the truck, apply the net proceeds on the debt, and recover the remainder of the purchase price; but the purpose of such provision "is clearly to enlarge the right of the seller in this respect, rather than to restrict the force of the contract to the confines of a chattel mortgage." Tickfer v. Investment Corp. 63 N. D. 613, 620, 249 N. W. 702, 704. The seller has, therefore, the right to the truck, to retake and keep it, thus terminating the contract irrespective of the amount otherwise due on the contract. If there be defects in the law of sales through failure to provide for substantial equities of purchasers, "the defects are such as to be remediable by legislative rather than by judicial action." Ibid.

The value of the interest of the plaintiff in this case, under the exercise of his option, is the value of the truck at the time possession is demanded. Upon exercising his option to take possession rather than to sue for the purchase price he was entitled to the truck as it was, and if it was not delivered, then its value. In this case delivery was had, and therefore its value was immaterial.

Appellant cites Angell v. Egger, 6 N. D. 391, 71 N. W. 547, as authority for the contention that where the title to the property is in one person and the possession is in another, "and the owner brings

replevin, the judgment, while it should be for the full amount of the property, yet as in replevin suits the issues are settled upon equitable principles, the judgment in the alternative for value should be not for the full value of the property, but for the sum that is justly due the owner. . . ." The case cited deals with an entirely different situation. Land was being farmed under the crop share plan and it was agreed the title to the crop should remain in the owner of the land, but possession was in the cropper. It was not a sale of property. There is little analogous in the contracts. The only interest the landlord had in the crop was his share, together with advances, etc.

Something is said in regard to the right to redeem. We need not consider this. The answer makes no claim of right to redeem, nor was any attempt to redeem ever asserted, though, in the application made in November, the defendant states, almost incidentally, he "has been deprived of his right to redeem said property."

We deem it proper to note the memorandum opinion of the court states that after the truck was delivered to the plaintiff an offer was made to each defendant to deliver the truck to either upon the payment of the $174.51 with interest and costs, and this was refused. The plaintiff thereupon made repairs on the truck amounting to $175 and there is an intimation that thereafter the plaintiff sold the truck for between $400 and $450. There must have been some evidence or admission brought to the attention of the trial court to justify such statement as the court was discussing the so-called "equities" of the case and showing they were nonexistent.

This contract was introduced in evidence and supports the claim set forth in the complaint and the demand for judgment. The truck belonged, therefore, to the plaintiff, and if it could not recover the truck it was entitled to its value at the time it sought possession. The judgment is in strict conformity with the issues, and is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, SATHRE and MORRIS, JJ., concur.