**J. C. GAUVEY, d/b/a Gauvey Rig & Trucking Company, Plaintiff,**

v.

**BASIN RIG & TRUCKING, INC., a corporation, et al., Defendants.**

**Civ. No. 15.**

United States District Court
D. North Dakota,
Northwestern Division.

Aug. 1, 1960.

Wattam, Vogel, Vogel, Bright & Peterson, George A. Soule, Van Osdel & Foss, Fargo, N. D., for plaintiff.

Robert Vogel, U. S. Atty., Fargo, N. D., for defendant United States.

John F. Lord, of Lord, Ulmer, Bair & Daner, Mandan, N. D., for defendant Marvin Anderson.

Walter O. Burk, Williston, N. D., for defendants First Nat. Bank in Dickinson and Bernard Cersonsky.

REGISTER, Chief Judge.

The conditional sale contract here involved between plaintiff and Basin Rig & Trucking, Incorporated, and involving personal property in the total sum of $175,000, was dated and executed on May 1, 1956. Title to such property was reserved by the vendor (plaintiff) until full performance by the vendee (Basin). On May 1, 1956, possession of the property covered by the sale contract was delivered to the vendee. The sale contract was filed in the office of the Register of Deeds of Williams County, North Dakota, on April 11, 1957. A chattel mortgage covering four ICC trucking permits, also given as security for the purchase price of the property included in said contract, and which was dated and executed on April 10, 1956, was also filed in said office on April 11, 1957.

On February 19, 1957, the Director of Internal Revenue for the district of North Dakota filed federal tax lien number 7735 in the office of the Register of Deeds of Williams County, North Dakota. This lien, bearing the date February 13, 1957, was in the sum of $8,368.25 and represented unpaid withholding and excise taxes owed by defendant Basin Rig and Trucking for the year ending September 30, 1956. Assessment was duly made by said Director as to such withholding and excise taxes in November and December, 1956.

As a result of Marshal's sale of the property involved (pursuant to a judgment on file herein, and which sale has been confirmed by an order of this Court), it appears that insufficient money was realized with which to pay all liens. In accordance with said judgment, a part of the proceeds of said sale has been delivered to the Clerk of this Court to be held subject to the Court's determination as to the priority of the federal tax lien.

The sole remaining question involves the priority of the conditional sale contract, the chattel mortgage and the federal tax lien.

Section 6321 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6321, provides that any unpaid tax shall constitute a lien in favor of the U. S. upon all property and rights to property, real or personal, belonging to the person owing the tax. Section 6322 of said Code provides that such lien arises at the time the assessment is made. Section 6323 of said Code provides, in pertinent part, that "* * * the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—" in the office designated by the law of the state in which the property subject to the lien is situated.

The applicable North Dakota statutes (NDRC 1943) are as follows:

"51–0710. Conditional Sales Must Be in Writing and Filed. All reservations of the title to personal property, as security for the purchase money thereof, when the possession of such property is delivered to the vendee, shall be void as to subsequent creditors without notice, and purchasers and encumbrancers in good faith and for value, unless such reservation is in writing and is filed the same as a mortgage of personal property. In indexing such instruments, the register of deeds shall treat the purchaser as mortgagor and the vendor as mortgagee.

"35–0406. Mortgage Void as to Creditors Unless Filed. A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith for value, unless the original or an authenticated copy thereof is filed by depositing it in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is situated at the time of filing.

"35-0407. Filing; Operates as Notice. The filing of a mortgage of personal property in conformity with the provisions of this chapter operates as notice thereof to all subsequent purchasers and encumbrancers as to so much of the property as is, at the time mentioned in section 35-0406, situated in the county or counties wherein the mortgage or an authenticated copy thereof is filed."

Plaintiff contends that his liens are superior to the federal tax lien and that he is not within the provisions of any of said North Dakota statutes quoted. He further contends that the lien of the United States attaches only to whatever equity the vendee had in the personal property described in said conditional sale contract.

Defendant United States contends that plaintiff is within the provisions of said state statutes; that the United States is a "subsequent creditor without notice" within the meaning of Section 51–0710, and is a "creditor" within the meaning of Section 35–0406; and that said conditional sale contract and chattel mortgage are void as against it, the United States of America.

■■ The execution and delivery of the chattel mortgage here involved antedated the filing of the federal tax lien. Under the express terms of Section 6323 (a) of the Internal Revenue Code of 1954 it is, therefore, superior to such tax lien. The specific language of Section 6323 indicates that Congress intended federal tax liens to rank behind the specific categories of interests therein set forth, which are "any mortgagee, pledgee, purchaser or judgment creditor." "Neither does the fact that the instrument was not recorded under the State's fraudulent conveyance statutes—thus to impart constructive notice to subsequent purchasers, mortgagees and the like—make any difference here, for the instrument was valid between the parties to it, and Congress, by § 3672(a) expressly subordinated federal tax liens to antecedent mortgages." United States v. R. F. Ball Construction Co., Inc., et al.,

355 U.S. 587, 594, 78 S.Ct. 442, 446, 2 L.Ed.2d 510. (The quoted statement is taken from the dissenting opinion by Mr. Justice Whittaker, and is not at variance with any expressed statements of the majority.)

The chattel mortgage here involved was valid as between the parties to it and it antedated the filing of the federal tax lien. There is no requirement in Section 6323 that the mortgage, to be included in the specific category of interest set out therein, be filed prior to the filing of the federal tax lien. Said federal tax lien is specifically and expressly subordinated to the chattel mortgage.

"In Section 6323, Congress attempted to give a measure of protection to mortgagees, pledgees, purchasers and judgment creditors against Government tax liens. * * * Section 6323 provides that the tax lien imposed by Section 6321 shall not be valid 'against any mortgagee' until notice thereof has been filed. Section 6323 makes no reference to the matter of recording. On its face it would appear that Section 6323 only requires that the mortgage be executed before the notice of federal tax lien has been filed." Mason City and Clear Lake R. Co. v. Imperial Seed Co. et al., D.C., 152 F.Supp. 145, at pages 155, 156 & 157. This is consistent with the thinking of the Court of Appeals for the Fifth Circuit in the case of United States v. R. F. Ball Construction Co., 239 F.2d 384, which case was reversed by the Supreme Court solely on the question of whether the instrument there involved was a "mortgage" within the meaning of that term as used in said Section 6323.

■ The conditional sale contract here involved is not, however, within the specific categories of interests set out in Section 6323. It is not a "mortgage" under the decisions of the Supreme Court of North Dakota. "Our law recognizes contracts of conditional sale as distinct from mortgages." Tickfer v. Investment Corp. of Fargo, 63 N.D. 613, 249 N.W. 702, 704. While antedating the filing of the federal tax lien, it was not expressly made superior to that lien by the terms

of Section 6323. It therefore appears that the rule "first in time, first in right" is applicable. "There is nothing in the language of § 3672 to show that Congress intended antecedent federal tax liens to rank behind any but the specific categories of interests set out therein, and the legislative history lends support to this impression." United States v. City of New Britain et al., 347 U.S. 81, 88, 74 S.Ct. 367, 372, 98 L.Ed. 520.

■■ Pursuant to the provisions of Section 51–0710, NDRC 1943, and because possession of the personal property described in the conditional sale contract was delivered to the vendee, all reservations of title to such property, as security for the purchase money therefor, were "void as to subsequent creditors without notice, and purchasers and encumbrancers in good faith and for value" unless such reservation was in writing *and was filed the same as a mortgage of personal property*. Plaintiff denies that the defendant United States of America is a "subsequent creditor without notice." If the Government has succeeded in placing itself in the category of a "subsequent creditor without notice", such conditional sale contract is, of course, void as to it.

■ "The omission to file the contract, as has been seen, does not operate to render the same void in toto, nor void as between the parties to it. Such omission, by the terms of the statute, renders it void only as to certain classes of persons; among others, 'subsequent creditors without notice'. As to other classes not referred to in the statute, the omission to file is of no consequence." Thompson v. Armstrong, 11 N.D. 198, 91 N.W. 39, 41. Also see: In re Pierce, 8 Cir., 157 F. 755.

Section 1–0119, NDRC 1943, defines a debtor and creditor thusly:

"Debtor and Creditor; Definition. Except as otherwise defined and used in the title Debtor and Creditor Relationship of this code, everyone who owes to another the performance of an obligation shall be called a debtor and the one to whom he owes it shall be called a creditor."

Section 13–0101, NDRC 1943, provides the further definition:

"Definitions of Debtor and Creditor. In this chapter, unless the context or subject matter otherwise requires:

"1. 'Debtor' shall mean one who, by reason of an existing obligation, is or may become liable to pay money to another, whether such liability is certain or contingent; and

"2. 'Creditor' shall mean one in whose favor an obligation exists by reason of which he is or may become entitled to the payment of money."

■ In general, taxes due the United States are considered debts. "The word 'debts' as used in R.S. § 3466 (Comp.St. § 6372 [31 U.S.C.A. § 191]), includes taxes." Price, v. United States, 269 U.S. 492, 499, 46 S.Ct. 180, 181, 70 L.Ed. 373. "Income taxes, apart from the right of preference in · payment, are but debts." United States v. Western Union Telegraph Co. et al., 2 Cir., 50 F.2d 102, 103. To the same effect, see: Hartman et al. v. Lauchli, 8 Cir., 238 F.2d 881.

At the time the taxes covered by the federal tax lien became due, Basin became a debtor of the creditor United States of America. Such relationship came into being subsequent to the execution and delivery of the conditional sale contract. It is conceded that the Government was "without notice" of the claims of plaintiff prior to his (plaintiff's) filing of the conditional sale contract. It is the opinion of this court that the defendant United States of America has the status of a "subsequent creditor without notice" within the meaning of that phrase as used in Section 51–0710, NDRC 1943. See: Edmundson v. Scofield et al., D.C.S.D.Texas, 92 F.Supp. 91.

"The taxes in question in the present case became due at the time the Imperial Seed Company was required to file its tax returns and from that time on the Government was a credtior of the Imperial

Seed Company. Hartman v. Lauchli, 8 Cir., 1956, 238 F.2d 881, 887, certiorari denied [353 U.S. 965] 77 S.Ct. 1048 [1 L.Ed.2d 915]. Until those taxes were assessed the Government had the status of an unsecured creditor. The assessment of those taxes gave the Government a lien against all the property of the Imperial Seed Company. The Government acquired liens against the property in question totalling approximately $16,000 before it had notice of the plaintiff's unrecorded mortgage lien. As to the taxes secured by those liens, the situation of the Government was that of a creditor who had acquired liens upon property included in an unrecorded mortgage without notice of such mortgage." Mason City and Clear Lake R. Co. v. Imperial Seed Co. et al., supra, 152 F.Supp. at pages 157, 158.

Plaintiff submits his position herein is "well stated" and supported by the Court in the case of United States v. Anders Contracting Co., Inc. et al., D.C.W.D.So. Car., 111 F.Supp. 700. It appears that the Anders case is distinguishable from the one here under consideration in that the interpretation placed upon the South Carolina Recording Act, Code 1952, § 60–51 et seq., by that Court reveals a vital difference between it and the applicable North Dakota statute.

The pertinent facts in the Anders case, stated briefly, are as follows: On April 6, 1951, Auto Sales Company sold a truck to Anders on a conditional sale contract in which the vendor retained title to the truck; this instrument was duly recorded on July 23, 1951. Prior to this transaction, and on September 15, 1950, the Government had filed a tax lien against Anders. A second tax lien was filed by the Government against Anders on July 5, 1951. By agreement, and after default by Anders on the conditional sale contract, the truck was subsequently sold and the proceeds held in trust awaiting decision as to the respective rights of the Government and the Auto Sales Company.

The Court in that case held that under the law of South Carolina a conditional sale contract is classed as a chattel mortgage; it further held that under the law of South Carolina the Anders Company, under the contract, acquired only a qualified property right or interest in the truck and that the Government's lien could affect only such property or property rights in the truck as Anders possessed. The Court therein discussed the respective priority of the contract lien (expressly reserved to the seller by the terms of the conditional sale contract) and the Government liens, and the effect of the applicable South Carolina recording statutes, in part, as follows: "A Federal tax claim does not become a lien until it is filed in accordance with the South Carolina Recording Act, and the effect of the lien is then calculated and determined under and by that Act which is contained in § 60–101, Code of Laws of South Carolina 1952, the pertinent provisions of which are as follows: ' "* * * all mortgages or instruments in writing in the nature of a mortgage of any property, real or personal, * * * shall be valid so as to affect the rights of subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for valuable consideration without notice only from the day and hour when they are recorded * * *" ' ". United States v. Anders, supra, at page 703. The Court then discussed the rules of the common law, the reasons for the development of the recording acts and the changes the recording act made in such common-law rules. Thereafter, at page 704, it is stated: "In this case the rights reserved in the conditional sales contract of the Auto Company are good against the world, unless such rights are limited by the Recording Act.", and "The Recording Act provides that mortgages shall be valid so as to protect the rights of subsequent lien creditors, subsequent simple contract creditors or purchasers for valuable consideration without notice, only after being recorded. Liability for the Government arises out of the statute and not out of contract. At common law the chattel mortgage held by the Auto

Company did not have to be recorded to be effective against the claim of the Government and there is nothing in the Recording Act which changes this rule under the facts in this case."

As this Court reads the Anders decision, that Court in interpreting the terms "subsequent lien creditors" and "subsequent simple contract creditors" under the state Recording Act there involved limited the same to those creditors whose claims were based upon contract. In other words, under such interpretation, only contract creditors are protected thereby, giving them priority over those creditors whose liens have been created by operation of law.

In the case here before the Court, the vital issue is whether the Government is a "subsequent creditor without notice" within the meaning and provisions of Section 51–0710, NDRC 1943. There is no reasonable basis upon which to interpret the North Dakota statute in the restricted sense that the Court in Anders interpreted the South Carolina Recording Act. The term "lien" is generic in nature, including both contractual liens—liens acquired by contract—and statutory liens, that is, liens created by operation of law.

As heretofore stated, the North Dakota Code defines "creditor" and Section 51–0710 makes no distinction between so-called "contract creditors" and those creditors whose claims or liens are statutory in nature. It seems clear to this Court that the term "subsequent creditors" embraces and includes not only creditors whose claims are based upon contract, but also those whose claims are statutory in nature—such as the Government in the case of a federal tax lien.

As so forcibly and ably expressed by the Court in Anders, a contrary decision (the decision arrived at by the Court herein) appears to be harsh. However, as previously stated, in this state a conditional sale contract is distinct from a chattel mortgage. It is not governed by Section 35–0406, NDRC 1943, relating to mortgages of personal property, but by the specific provisions of Section 51–0710. The provisions of that section (51–0710) are clear, specific and unambiguous. Apparently the North Dakota legislature, in passing such statute, had in mind and was of the opinion that the good and just effects of such statute would outweigh and counterbalance any ill effects and inequities that might result therefrom. In this statute the legislature specified the procedure and means by which a vendor in such a conditional sale contract could protect his rights therein. The burden was placed upon such vendor to exercise due diligence in taking the required action for his own protection. In any event, it is for the Court to give effect to the plain words and meaning of a statute rather than to attempt to legislate. An analysis of the statutes, both federal and state, which are here involved, and their application to the facts of this case leads inescapably to the conclusions heretofore stated.

Judgment will be entered adjudging and decreeing that the chattel mortgage here involved is superior and prior to the federal tax lien; further, that said federal tax lien is superior and prior to the conditional sale contract here involved.

Counsel for the Government will prepare and submit appropriate form of judgment in conformity herewith.

It is so ordered.