**MASSEY–FERGUSON, INC., Plaintiff and Appellant,**

**v.**

**Kenneth PFEIFFLE, Defendant and Respondent.**

No. 8069.

Supreme Court of North Dakota.

Oct. 29, 1963.

Max D. Rosenberg, Bismarck, for appellant.

Gordon O. Hoberg, Napoleon, for respondent.

TEIGEN, Judge.

The plaintiff, holder of a conditional sales contract, brought this action to foreclose its alleged lien on the property described in the contract and prays for a deficiency judgment. For the purpose of foreclosure, the plaintiff also caused the property to be seized by the sheriff on a warrant to seize property. The summons, complaint, warrant, and sheriff's notice of lien were personally served on the defendant.

The defendant answered admitting the purchase of the property and the execution of the conditional sales contract. He denies the conditional sales contract was filed in the office of the register of deeds, the plaintiff's allegation of delinquency, and the balance alleged remaining unpaid on the contract. He also denies delivery of the property and that demand has been made for payment. As an affirmative defense, defendant pleads repossession of the property by the plaintiff and prays for a dismissal of the plaintiff's action. The defendant also counterclaims for the down payment alleging breach of warranty and rescission. Plaintiff's reply denies the allegations of the counterclaim alleging breach of warranty and rescission.

After issue was joined, the parties through their respective attorneys stipulated as follows:

"I.

"That the above entitled proceeding is for the foreclosure of personal property, to-wit:

"One #82 Combine 14' Massey-Ferguson, Serial No. 220880;

"II.

"That the plaintiff caused to be served upon the defendant, Kenneth Pfeiffle,

a Summons, Complaint, Undertaking and a Warrant Foreclosure Lien on Chattels, the latter document directing the Sheriff of said Logan County to seize and safely keep until disposed of according to law, the above described property;

"III.

"That the said Sheriff of Logan County, North Dakota is now in possession of said combine.

"IV.

"That this Court make an order directing and authorizing the Sheriff of said Logan County, North Dakota to sell at public auction to the highest bidder, after publication once each week for two successive weeks, in a newspaper located in said County of Logan, North Dakota.

"V.

"That the proceeds from said sale be paid over to the Clerk of Court of said Logan County, North Dakota pending the outcome of the above entitled proceeding."

The court directed sale and payment of the proceeds over to the clerk pursuant to the terms of the stipulation.

The record certified in this case does not disclose a sheriff's report of sale or a clerk's receipt for money, but it appears from the briefs and the argument that the combine was in fact sold by the sheriff at public sale as provided by the stipulation and that he received therefor the sum of $3,800, which monies are now in possession of the clerk of the district court. The plaintiff's complaint alleges a balance due on the contract of $5,626.92, an amount greater than that obtained from the sale of the property, and thus there is a deficiency.

The defendant then moved for a summary judgment which, omitting the formal parts, states as follows:

"The Defendant * * * moves the Court to enter Summary Judgment for said Defendant, in accordance with the provisions of the North Dakota Rules of Civil Procedure, on the ground that the pleadings on file show that the said Defendant is entitled to Judgment as a matter of law."

The plaintiff followed with a cross-motion for summary judgment in his favor, the salient parts of which state:

"I.

"Finding and declaring that the defendant's counterclaim fails to state a cause of action due to the fact that the said defendant has failed to specially plead his elements of damage.

"II.

"For grounds for such cross-motion, the plaintiff respectfully shows the Court that under the pleadings filed herein there is no genuine issue as to any material fact and the plaintiff is entitled to a judgment as a matter of law."

Both motions are made on the pleadings. No supporting evidence in the form of affidavits, interrogatories, admissions or depositions were supplied with either motion.

The lower court made no findings nor does the record contain a memorandum decision, but it ordered summary judgment for the defendant as follows:

"ORDERED that the said motion of defendant for summary judgment be and the same is hereby granted;

"ORDERED that the Cross-motion of plaintiff for summary judgment be and the same is hereby denied;

"ORDERED that the Counter-claim in defendants answer be and the same is hereby dismissed;

"ORDERED that the money now being on deposit with the Logan County

Clerk of Court, which money was realized from the sale of said combine be and the same is hereby ordered to be turned over to the plaintiff in full satisfaction of the indebtedness."

Summary judgment was entered as follows:

"IT IS ORDERED, ADJUDGED, AND DECREED that Summary Judgment be, and the same hereby is, entered in favor of defendant and that plaintiff have and recover nothing against defendant by his suit herein, except that which is set forth in the Court's order."

This appeal is from the summary judgment.

The plaintiff specifies as error:

"I.

"The Court erred in holding that a foreclosure by action and judicial sale of personal property amounted to a repossession by vendor.

"II.

"The Court erred in holding that a foreclosure by action of a conditional sale of personal property prevented a recovery of a deficiency judgment."

It was the defendant's contention in the lower court, and he urges it here, that under a conditional sales contract the remedy of the vendor or his assignee is limited to either sue upon the debt and abandon the security or to repossess the property, and that seizure of the property by warrant of attachment under the foreclosure proceeding amounts to a repossession of the property by the plaintiff and constitutes an election of remedies which bar him from suing on the debt and, therefore, no personal judgment for the deficiency is permitted.

The plaintiff contended in the lower court, and now urges in this court, that it proceeded according to Chapter 32–20, N.D.C.C., which authorizes and provides for the foreclosure of a lien upon personal property by action and the seizure of the property by the sheriff for the purposes of the foreclosure; that under our law it has a right to foreclose its lien by appropriate action in the courts and to have the property seized and held for that purpose; and that such action does not constitute repossession under the terms of the contract.

The issue presented in the lower court and in this court is whether or not a conditional seller may elect on default of the purchaser to foreclose by action a lien on personal property sold on a conditional sales contract, seize the property for the purpose of the foreclosure, and secure a personal judgment for any deficiency.

The two motions for summary judgment and the court's order are of little aid in determining the law applied by the lower court. However, the attorneys are agreed that the issues were as we have succinctly stated them above.

Either party to an action may make a motion for summary judgment under our Rules of Civil Procedure with or without supporting affidavits. Rule 56, N.D.R.Civ.P. No affidavits or other supporting evidence were filed with either motion in this case and the only other evidentiary matter in the record is the stipulation for the sale and payment of the monies to the clerk to abide the outcome of the action.

■ It appears the theory on which the lower court granted summary judgment is as follows: That seizure of the property described in the conditional sales contract by the sheriff on a warrant to seize property, issued complementary to a foreclosure proceeding commenced by the holder of a conditional sales contract, was in fact a repossession by the contract holder. It terminated the contract and all liability of the purchaser. In effect, the lower court found the complaint does not state a cause of action and plaintiff's abortive attempt to foreclose the contract as a lien, seizing the property in the process, constituted an

election to repossess. We have said in former cases that repossession of the property by the holder of a conditional sales contract, if the contract provides therefor, terminates the contract and all liability of the purchaser for the unpaid balance of the purchase price. It also terminates the purchaser's right and interest in the property. Pfeiffer v. Norman, 22 N.D. 168, 133 N.W. 97, 38 L.R.A.,N.S., 891; George Dixon, Inc. v. Central Motors Co., 68 N.D. 264, 278 N.W. 648. However, these cases are not in point here. These cases are distinguishable because the legal issue in those cases did not involve the question of liability for a deficiency, nor the purchaser's right for any surplus. The Pfeiffer case was decided long before the passage of statutes hereinafter referred to. In the Dixon case the contract specifically provided that all liability of the purchaser ceased on repossession by the conditional vendor. We have examined the case law of this State and find the question presented here has not been previously decided.

It is stated in 78 C.J.S. Sales § 614, and 47 Am.Jur., Sales, Sec. 895, that most of the States have held, in the absence of a specific authorizing statute, that a conditional vendor, upon default of the vendee, may foreclose his contract in equity as a lien and that the vendee is liable for the deficiency if the amount realized on the sale is inadequate. The holdings cited in support of this statement are predicated on various theories. The authorities are not agreed as to the basis of this right of foreclosure. There is also some authority to the contrary.

The contract attached to the complaint is a retail installment contract as defined in Chapter 51–13, N.D.C.C., but it is usually referred to as a conditional sales contract. It provides that title shall remain in the seller until all indebtedness thereunder is paid in cash. It provides possession of the property shall be delivered to the purchaser and contains the following pertinent provision:

"If purchaser fails to comply with any terms hereof or becomes insolvent, all payments heretofor [sic] made by the purchaser shall be retained by the vendor and all indebtedness hereunder shall become immediately due and payable without notice. Seller may enter upon the premises where said property may be for the purpose of taking immediate possession thereof and remove the same with equipment and accessories, and purchaser hereby waives any trespass or any right of action for damages in consequence thereof. Upon any redemption purchaser shall pay all retaking, maintenance and storage expenses. Seller may resell retaken property at public or private sale without notice to purchaser upon such terms and in such manner as seller determines. Seller may purchase at any such sale. From the proceeds thereof seller shall deduct the reasonable expenses of such repossession and sale, and apply the balance thereof to the amount due hereunder, any surplus to be paid to purchaser. Purchaser will be liable for any deficiency resulting from such resale. * * *"

The contractual remedy of the holder of this contract on default is a right to enter upon the premises where said property may be for the purpose of retaking immediate possession thereof and to remove the same. Upon such seizure, the holder may resell the retaken property at public or private sale and from the proceeds deduct the reasonable expenses of such repossession and sale and apply the balance thereof to the amount due. The surplus, if any, on such sale is to be paid to the purchaser and the deficiency, if any, is the liability of the purchaser.

The contract carries no specific provision for foreclosure by a suit in equity, but the contract does provide that when the purchaser defaults, all installments become immediately due and payable and the

purchaser has a direct obligation to pay them. Thus upon default the term of credit expired. The holder of the contract still has the legal title to the property which he holds as security for the debt. The seizure of the property by the sheriff on a warrant of seizure did not place the property in possession of the conditional vendor. It placed it in the hands of the court to abide the outcome of the action. It was preliminary to a public sale of the property authorized by the contract and in which the purchaser had an interest. Under the terms of the contract, he was entitled to the surplus, if any, and liable for any deficiency. The vendor's title, held for security purposes, was not lost by this seizure. The election was not to repossess alone but to repossess and sell, to pay over the surplus, if any, or to obtain personal judgment for any deficiency which is within the terms of the contract.

Our statutes on sales authorize conditional sales contracts. Section 51–01–02, N.D.C.C. We have several statutes which clearly indicate the legislative intent that a conditional sales contract may be foreclosed. Some are for the protection of the purchaser and give him additional rights to those provided by the contract. We refer to several sections of the North Dakota Century Code.

Section 28–29–07 provides that in an action for the foreclosure of a conditional sales contract, the conditional purchaser, upon application and at the discretion of the court, is entitled to an interlocutory order fixing a reasonable time within which he may make the default good and that for such purposes the court has the power to impound the personal property in controversy during the pendency of the interlocutory order. This section contemplates that the conditional vendor is the initiating party.

Section 28–29–07.1 provides for the purchaser's right of notice and redemption where possession of the property has been retaken by the conditional vendor under a conditional sales contract. It provides the time and manner by which notice must be given the purchaser of the retaking and grants him a right to redeem within 15 days from the date of the retaking. This provision is not applicable where the retaking is accomplished by legal process. A separate paragraph states:

"This section shall not apply in any case where the conditional sales contract and the rights of the buyer thereunder shall be foreclosed by action in any court of this state."

Section 28–29–08 empowers the judge of the district court to direct that all further proceedings be had in the district court having jurisdiction of the subject matter where it appears to his satisfaction that a conditional vendee has a legal counterclaim or is entitled to take advantage of the provisions for the interlocutory order provided for in Section 28–29–07, supra, or has any other valid defense against the collection of the whole or any part of the amount claimed by conditional vendor who demands or takes possession of property covered by a conditional sales contract.

When the district court accepts jurisdiction under this statute, the resulting issues before the court are the same as if an action to foreclose was instituted by the vendor.

These statutes are for the protection of the purchaser and are classified as relief from hardship statutes in the Century Code. They also enlarge a conditional vendor's remedies but limit his freedom to elect. They constitute a statutory right to seek relief by foreclosure in a court of equity.

A further indication that our statute contemplates foreclosure as a remedy may be found in Section 51–07–11. It provides that where a conditional contract has been cancelled or foreclosed, the owner, holder, or assignee of such contract shall not attach, repossess, or acquire by bill of

sale the property until the taxes levied thereon have been fully paid.

■ The foregoing statutes constitute a legislative expression that the remedy of foreclosure exists and is available to a conditional vendor. However, we find no special statutory provision providing the procedure. The appellant argues that Chapter 32–20, N.D.C.C., provides the procedure. This chapter provides the authority and procedure for the foreclosure of a lien on personal property. It authorizes the seizure and holding of the property to abide the action of the court.

The contract involved in this case has the following pertinent terms: (1) The agreement of the seller to sell and the purchaser to buy, thereby directly obligating the purchaser to pay the purchase price; (2) A stipulation for retention of title in the seller until the full purchase price is paid in cash; (3) A stipulation that if the purchaser defaults, the entire balance shall become immediately due and payable; (4) An agreement that the purchaser has a right to possession, together with the beneficial use of the property so long as the contract is not in default; (5) A stipulation giving the conditional vendor a right to repossess the property on default of the purchaser; and (6) A stipulation that the property may be sold after default at either private or public sale, that reasonable expense of repossession and sale may be deducted from the proceeds and the balance applied to the amount due on the contract, and that after application of the proceeds to the amount due, the surplus of money, if any, shall be paid to the purchaser. In the event there is a deficiency, the purchaser shall be liable therefor to the seller.

■ These terms are an enlargement upon the provisions of the conditional sales contracts in use before the statutory enactments heretofore set forth. The change in the terms undoubtedly resulted from the new legislation. These statutory enactments are more recent in the point of time than most of the decisions on the subject in this State. The contract, however, provides no means by which the contractual advantages to the purchaser may be enforced by him but the statutes do. As a result of these statutes, the conditional purchaser's rights and remedies have been enlarged. The rights and remedies of the conditional vendor have been limited by statute. The title is still held by the vendor as security for the performance of the conditions of the contract but the seller's rights are in the nature of a lien rather than ownership. Its effect is to impose a charge upon the property described in the contract for the performance of the conditions of the contract. Thus it is within the statutory definition of a lien. Section 35–01–02, N.D.C.C. It is a special lien because it may be enforced only as security for the performance of the particular acts described in the contract. Section 35–01–03, N.D. C.C.

To enforce a conditional sales contract which is in default, the conditional vendor must now foreclose it. He may do this by taking possession of the property and giving written notice to the purchaser of the amount due and allowing the statutory period for redemption as provided by Section 28–29–07.1, by foreclosure by action as indicated by Section 28–29–07, or by foreclosure by advertisement as indicated by Section 28–29–08. In either event, if the conditional purchaser has good cause, he is entitled to an interlocutory order from the district court fixing a reasonable time within which he may cure the default. He also is entitled, by the statutes, to assert a defense against the collection of the whole or any part of the amount claimed to be due or to exert a counterclaim if he has one. The conditional sales contract, as governed by the aforementioned statutes, has the elements of a lien on the property described in the contract and therefore may be foreclosed by invoking the procedure for the foreclosure of liens on personal property contained in Chapter 32–20, N.D.C.C.

■ The contract in this case specifically provides liability for the deficiency, should a deficiency exist after the sale of the property at either public or private sale. It is a well-settled general rule that where the contract so provides, the foreclosing vendor, after reselling, may recover from the purchaser the deficiency resulting. 37 A.L.R. 91, 94; 83 A.L.R. 959, 963; 99 A.L.R. 1288, 1290; 49 A.L.R.2d 15, 69; and for added cases see page 1060 of the Supplement of the 1962 issue of A.L.R.2d.

■ Where the parties have, by condiditional sales contract, provided for liability for a deficiency, we believe it should be enforced by the courts in a proper action of foreclosure where the defendant is personally served with the summons. Section 32–20–05, N.D.C.C. We hold that foreclosure by action of a conditional sales contract is an additional remedy available to a conditional vendor or his assignee. Therefore, we reverse the summary judgment and hold that the issues must be litigated as framed by the pleadings.

Summary judgment is reversed.

MORRIS, C. J., and BURKE, ERICKSTAD and STRUTZ, JJ., concur.